*402 MEMORANDUM *
Nicole Weber appeals the district court’s dismissal of her second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
Weber’s allegations, as they stand, are not sufficient to survive a motion to dismiss under Rule 12(b)(6), as they are not adequate to “‘nudge [her] claims across the line from conceivable to plausible.’” Eclectic Props. E., LLC v. Marcus & Mil-lichap Co., 751 F.3d 990, 997 (9th Cir.2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal alteration omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). At oral argument, however, Weber identified additional facts she can plead that, if added to her complaint, would satisfy the Twombly/Iqbal standard. Also, Weber has identified, to the extent possible without discovery, the standards she believes the manufacture of her implants violated, thereby adequately stating parallel state-law claims under 21 U.S.C. § 360k(a) and 21 C.F.R. § 808.1(d). See 21 C.F.R. § 820.1 et seq.; Bausch v. Stryker Corp., 630 F.3d 546 (7th Cir.2010). Accordingly, we conclude that amendment would not necessarily» be futile, and an opportunity to amend should be allowed. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
Specifically, with the following additions, or similar amendments (if they are true to the best of Weber’s knowledge, of course), the complaint would meet the Twombly/Iq-bal plausibility requirement:
1.At the time of their removal, Weber’s implants had lost approximately 2.8% of their mass and/or volume, whereas A1-lergan’s Directions for Use and Patient Labeling documents disclose that only 1% of the silicone gel in Allergan’s implants is expected to bleed from implants manufactured according to FDA-approved specifications.
2. Manganese is a chemical constituent of Allergan’s silicone-gel implants and/or is present in the implants as a relic of the manufacturing process. Absent silicone gel bleed beyond that Allergan disclosed to the FDA, manganese at the levels present in Weber’s body would not be found.
3. Weber’s symptoms cannot be entirely explained by her idiosyncratic, severe generalized reaction to silicone. Rather, the severity of her symptoms indicates that a bleed occurred that exceeded the extremely low-level gel bleed of no clinical consequence that Allergan’s implants are known to cause.
If Weber can and does amend her complaint to add these allegations, or other allegations at a similar level of specificity and relevance to the plausibility of her claims, the complaint will contain factual allegations that permit her complaint to survive a motion to dismiss brought pursuant to Rule 12(b)(6), as interpreted by Iqbal and Twombly. Accordingly, on remand the district court should entertain a motion for further leave to amend the complaint.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.